15-3655-bk
In re: AMR Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges*.

---------------------------------------------------------------------

IN THE MATTER OF: AMR CORPORATION,
*Debtor*.

---------------------------------------------------------------------

LAWRENCE M. MEADOWS,
*Appellant*,

v.                                                                No. 15-3655-bk

AMR CORPORATION,
*Debtor-Appellee*.

---------------------------------------------------------------------

FOR APPELLANT:                      Lawrence M. Meadows, *pro se*, Park City, Utah.

FOR APPELLEE:                       Stephen A. Youngman, Weil, Gotshal & Manges, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*; Sean H. Lane, *Bankruptcy Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Creditor Lawrence M. Meadows, proceeding pro se, appeals from the affirmance of an order of the Bankruptcy Court for the Southern District of New York that disallowed and expunged three of Meadows's amended proofs of claim as untimely. On plenary review of a decision of a district court functioning as an intermediate appellate court in a bankruptcy case, we assess the bankruptcy court's legal conclusions de novo and its factual findings for clear error. See In re Lehman Bros. Holdings Inc., 761 F.3d 303, 308 (2d Cir. 2014). "Additionally, we may affirm on any ground that finds support in the record." Id. In applying these principles here, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

1. Denial of Amendment

A timely original claim can be amended to add otherwise untimely claims if the latter relate back to the former and if amendment would be equitable. See In re Enron Corp., 419 F.3d 115, 133 (2d Cir. 2005). Alternatively, such amendment may be allowed if the delay in pursuing the untimely claims results from excusable neglect. See id. at 121; Fed. R. Bankr. P. 9006(b)(1). We review a bankruptcy court's denial of

2

late-filed amended proofs of claim for abuse of discretion, see In re Enron Corp., 419 F.3d at 124, which we will identify only where that decision rests on legal or factual error or cannot be located within the range of permissible decisions, see In re Smith, 507 F.3d 64, 73 (2d Cir. 2007).

Meadows's argument that his untimely claims for discrimination and whistleblowing relate back to his timely claim for long-term disability benefits fails for the reasons stated by the district court, which we incorporate here. See Meadows v. AMR Corp., 539 B.R. 246, 251–52 (S.D.N.Y. 2015). His effort to demonstrate relation back by reference to the timely filed omnibus claim of the Allied Pilots Association ("APA")—which includes a pending grievance pertaining to Meadows—raises more challenging issues. We need not pursue them here, however, because even if we were to resolve them all in Meadows's favor so as to establish relation back, we would still not identify abuse of discretion in the district court's denial of amendment. That is because the same bankruptcy court findings that belie excusable neglect also demonstrate that amendment would not be equitable in this case. Specifically, the bankruptcy court found that (1) Meadows's delay in pursuing his untimely statutory claims was unjustified and (2) allowing amendment to add such claims would prejudice the debtor by threatening to disrupt its omnibus settlement with the APA and "opening the floodgates to potential claimants." S.A. 2222–23. Considerations of unjustified delay and prejudice are relevant not only to assessing excusable neglect, see In re Enron Corp, 419

F.3d at 122, but also to equitable analysis, where prejudice is the "critical consideration," see id. at 133 (internal quotation marks omitted). Thus, the bankruptcy court's findings effectively preclude either issue from being resolved in Meadows's favor.

In urging otherwise, Meadows argues, as he did in the bankruptcy court, that his delayed filings are attributable to prior counsel. But as the bankruptcy court correctly observed, mistakes of counsel do not ordinarily excuse failures of timely filing. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396–97 (1993); accord In re Enron Corp., 419 F.3d at 122–23. We identify no error in the court's application of that principle to this case.

In sum, Meadows fails to show that the bankruptcy court abused its discretion in dismissing and expunging his untimely claim amendments.

2.     Procedural Challenges

Meadows maintains that certain actions by the bankruptcy court denied him due process. Specifically, he complains of the bankruptcy court's purported refusal to allow him to refute unanticipated testimony from an APA representative as well as the court's written modification to its pronounced oral order permitting him to pursue his grievance in other venues. These complaints are without merit.

In response to the testimony of the APA witness, the bankruptcy court did not permit Meadows to testify to his interactions with APA attorneys, but it did allow him to submit an affidavit to establish any prior contrary "official action" or "official position" taken by the union. S.A. 2031–32. This decision fell well within the bankruptcy

4

court's discretion to order the presentation of evidence so that it would not "confuse the issue" or "wast[e] time." Fed. R. Evid. 403; see S.A. 2031 (expressing concern as to probative value and admissibility of evidence and tendency to turn proceedings into "circus"); see also In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 846 n.16 (3d Cir. 1994) (recognizing that sound discretion of bankruptcy judge in ordering hearing "would not necessarily require the presentation of oral testimony"). Meadows in fact submitted an affidavit, attaching (1) an email to him from an APA attorney purporting to show support for his whistleblower claims, and (2) a copy of the legal brief on his whistleblower claim that Meadows claimed to have forwarded to the APA for its submission. He fails to demonstrate how the testimonial presentation of such evidence would have been any more likely to persuade the bankruptcy court that the union had previously taken contrary actions or positions.

Nor can Meadows show prejudice from language in the bankruptcy court's written order allowing Meadows to pursue his grievance "to the extent permitted by applicable law." S.A. 2117. Indeed, Meadows points to no authority that would have allowed him to pursue of the grievance on any other terms.

3.    Conclusion

We have considered Meadows's remaining arguments and find them to be without merit.    Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court