22-1204-bk

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-three.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------

In re: AMR CORPORATION,

*Debtor*.

------------------------------------------------------------------

LAWRENCE M. MEADOWS,

*Creditor-Appellant*,

v.                                              No. 22-1204-bk

AMR CORPORATION,

*Debtor-Appellee*.

------------------------------------------------------------------

FOR APPELLANT:                    Lawrence M. Meadows, *pro se*,
                                  Miami Beach, FL

FOR APPELLEE:                     Alfredo R. Pérez, Weil, Gotshal
                                  & Manges LLP, Houston, TX

Appeal from a judgment of the United States District Court for the

Southern District of New York (Ronnie Abrams, *Judge*; Sean H. Lane, *Bankruptcy*

*Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Lawrence M. Meadows, proceeding pro se, appeals from a judgment of the

United States District Court for the Southern District of New York (Abrams, J.)

dismissing his bankruptcy appeal for lack of appellate standing.   Meadows, a

pilot formerly employed by American Airlines ("American"), a subsidiary of AMR

Corporation, objected to the bankruptcy court's approval of a consent decree

entered in a lawsuit brought by the United States Equal Employment Opportunity

Commission ("EEOC").   We assume the parties' familiarity with the underlying

facts and the record of prior proceedings, to which we refer only as necessary to

explain our decision to affirm.

2

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." D.A.N. Joint Venture v. Cacioli (In re Cacioli), 463 F.3d 229, 234 (2d Cir. 2006) (quotation marks omitted). "We review a bankruptcy court's legal conclusions de novo[,] accepting the bankruptcy court's factual findings unless clearly erroneous." Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet), 737 F.3d 238, 246 (2d Cir. 2013) (cleaned up).

The District Court dismissed Meadows's appeal on the ground that Meadows lacked standing to pursue it. Meadows v. AMR Corp. (In re AMR Corp. II), No. 18-CV-6149, 2022 WL 1556398, at *6, *9 (S.D.N.Y. May 16, 2022). On appeal, Meadows ignores that ruling and advances arguments unrelated to his standing. But we must first ascertain whether Meadows has standing to appeal the bankruptcy court's approval of the consent decree, as it is "the threshold question in every federal case, determining the power of the court to entertain the suit." Licensing by Paolo, Inc. v. Sinatra (In re Gucci), 126 F.3d 380, 387–88 (2d Cir. 1997) (quotation marks omitted).

3

"To have standing to appeal from a bankruptcy court ruling in this Circuit, an appellant must be an aggrieved person, a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court. Such a test is stricter than Article III's 'injury in fact' test for standing." Id. at 388 (cleaned up). Although Meadows does not expressly address the District Court's standing determination in his briefing, he appears to contend that he had standing to object as a creditor because of his potential legal claims against American. Although Meadows's "pro se status does not absolve him of the obligation to identify issues for this Court to review on appeal," Van Allen v. Cuomo, 621 F.3d 244, 247 n.2 (2d Cir. 2010), we read Meadows's brief "to raise the strongest arguments [it] suggest[s]," McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017). Keeping that in mind, we agree with the District Court that Meadows has failed to demonstrate that he has any interests as a creditor because the proofs of claim that might support Meadows's case have been disallowed. See Meadows v. AMR Corp. (In re AMR Corp. I), 662 F. App'x 77 (2d Cir. 2016) (summary order) (affirming the disallowance of Meadows's proofs of claim on his own behalf).[1]

---

[1] Meadows's union also filed a proof of claim that might have encompassed any

4

That ends our inquiry, because, for purposes of appellate standing in the bankruptcy context, "[t]here is all the difference in the world between a claim that has already been disallowed by the bankruptcy court . . . and one . . . that remains allowed and pending." DISH Network Corp. v. DBSD N. Am., Inc. (In re DBSD N. Am., Inc.), 634 F.3d 79, 91 (2d Cir. 2011).

Meadows's brief may also be read to suggest that the EEOC's general proof of claim affords him standing as a creditor because, in his view, the consent decree extinguishes any claims he might have arising from that proof of claim. Contrary to Meadows's suggestion, however, the consent decree does not bar Meadows from filing a claim with the settlement administrator if he qualifies for settlement funds, or from filing a discrimination claim in a different forum if he chooses to do so. Meadows has thus not shown a "direct and financial" injury arising from the entry of the consent decree. Id. at 89 (cleaned up).

Finally, Meadows mentions his shareholder status in his brief. We see no

---

grievance the union pursued on Meadow's behalf. However, any such grievance now has no value. See Meadows v. Allied Pilots Ass'n, 822 F. App'x 653 (10th Cir. 2020) (affirming the dismissal of Meadows's suit against his union in which he sought to compel the union and American to arbitrate his grievance).

5

reason to disagree with the District Court's conclusion that Meadows's assertions regarding potential harm to shareholders are "unsupported by any evidence in the record" and "too speculative to confer standing." In re AMR Corp. II, 2022 WL 1556398, at *6; see also In re Barnet, 737 F.3d at 243 ("[P]otential harm from a bankruptcy court order is insufficient to justify appellate standing." (quotation marks omitted)). We therefore conclude that Meadows lacks standing to pursue this appeal.

We have considered Meadows's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
